48 A.3d 1217

In re THIRTY–THIRD STATEWIDE INVESTIGATING GRAND JURY.

Petition of Pennsylvania Turnpike Commission.

No. 85 MM 2012.

Supreme Court of Pennsylvania.

July 9, 2012.

---

## ORDER

PER CURIAM.

AND NOW, this 9th day of July, 2012, upon consideration of the Petition for Review, it is hereby ordered that the matter is

to be briefed by the parties and listed for oral argument. The Application for Leave to File Under Seal is denied.

Justice SAYLOR files a Dissenting Statement.

Justice SAYLOR, dissenting.

I respectfully dissent, as I would deny the petition for review.

Initially, the jurisdictional basis per which the Court is proceeding is unclear. Because the challenged disclosure order is interlocutory, the petitioner has invoked the collateral order doctrine in connection with its claim of privilege. Previously, however, the Court has declined to apply the collateral order doctrine to review privilege assertions in the grand jury setting. *See, e.g., In re Twenty–Fourth Statewide Investigating Grand Jury,* 589 Pa. 89, 907 A.2d 505, 509–11 (2006). Closely curtailing interlocutory appellate review in this context preserves the interest in expeditious, confidential investigations by the grand jury and facilitates the development of an adequate factual record. *See id.* Moreover, the difficulty in determining whether a particular order is separable and collateral to a grand jury investigation is well recognized. *See, e.g., In re Grand Jury Subpoena,* 190 F.3d 375, 384 (5th Cir.1999) (explaining that the determination of whether a particular order is collateral "might well place [an appellate court] at the very heart of the grand jury's investigation").

Finally, in the privilege arena, and outside the grand jury context, this Court has maintained a uniform approach to the collateral order doctrine, categorically allowing interlocutory appellate review of privilege matters. *See Commonwealth v. Harris,* 32 A.3d 243, 251 (Pa.2011) (holding that "orders overruling claims of privilege and requiring disclosure are immediately appealable" as collateral orders). As reflected in *Twenty–Fourth Statewide Investigating Grand Jury,* however, such an approach would be incongruent with the purposes and design of investigating grand jury proceedings. For these reasons, I believe, interlocutory review in the grand jury setting, in the limited instances in which it has been deemed

416

appropriate, has generally proceeded per the Court's powers of extraordinary jurisdiction. *See, e.g., In re Dauphin County Fourth Investigating Grand Jury*, 596 Pa. 378, 943 A.2d 929, 936 (2007).

Application of the collateral order doctrine to the present case would suggest that the Court is moving away from constancy in the grand jury setting, and, rather, may weigh discrete privilege assertions to decide which will be deemed so important as to meet some undefined threshold. For my part, I am uncomfortable saying that the very important confidentiality and privilege concerns of the newspaper organization at stake in *Twenty–Fourth Statewide Investigating Grand Jury*, for example, are any less important than those of the Commonwealth agency seeking to invoke collateral order review here. Accordingly, I would adhere to the ordinary course of denying collateral order review of the privilege claim in the present grand jury matter, just as we did in *Twenty–Fourth Statewide Investigating Grand Jury*.